Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6198 | **DATE** | 8/15/2002 |
| **CASE TITLE** | Gladys Shelvy vs. John E. Potter | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 28-1) for summary judgment is granted in its entirety.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 16 2002 date docketed | 34 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
AUG 1 6 2002

GLADYS SHELVY,   )
                 )
      Plaintiff, )
                 )
vs.              )   01 C 6198
                 )
JOHN E. POTTER, Postmaster General, )
                 )
      Defendant. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant John Potter, Postmaster General, for summary judgment of the claims of the complaint. For the reasons set forth below, the motion is granted.

## BACKGROUND

Plaintiff Gladys Shelvy is an African-American female and a former employee of the United States Postal Service ("the Postal Service"). In 1996, Shelvy worked as a window clerk at the Fort Dearborn Post Office in Chicago. Near the end of March of that year, an audit revealed that Shelvy had a shortage of $1406.12 in the funds she had recorded for stamp sales. The following week, Shelvy was threatened by a white male customer. The parties disagree as to the specifics of the incident and the events that immediately followed, but shortly thereafter Shelvy left work and did not return the next day.

Shelvy did not return to full duty at Fort Dearborn until May 8, nearly a month later. In the interim, she sought psychiatric treatment at the Beverly Health Center in Chicago as well as

requesting EEO counseling and filing a worker's compensation claim. Upon her return, Shelvy asked to work somewhere other than at the customer windows, and she was consequently assigned to distributing the mail to carrier route assignments before it was processed. She was unwilling to accept the new assignment, and she was sent home. The following day, she called in sick and did not return to work until May 15, whereupon she requested "light duty," meaning that she could not perform heavy lifting. She worked the 15th, but the following day her supervisor told her not to come to work because there was no work for her to do.[1] Shelvy ignored this statement and reported for work. She was again sent home. The next day, she again reported to work, this time expressing a willingness to perform the distribution work she had previously rejected. Because the duties of that position were not appropriate for a light-duty employee, Shelvy was again sent home. She continued her EEO counseling sessions as well as her psychiatric treatment until she was transferred to the Ontario Street Post Office in early June. The following March, Shelvy filed a formal charge of discrimination with the EEOC. In her words, she "checked everything" that was available as a basis for discrimination on the form.

At the Ontario Street office, problems continued. According to the Postal Service, Shelvy was removed from duty after threatening her supervisor, Sandra Thornton. According to Shelvy, Thornton was the aggressor. After the confrontation, Shelvy was removed from duty and placed in an off-duty, non-pay status until further notice. As a result of the incident and her subsequent removal, Shelvy filed a grievance with the union challenging the Postal Service's actions. After the resolution of the grievance, Shelvy was reassigned to the Merchandise Mart Post Office, but she

---

[1] The collective bargaining agreement that applies to employees like Shelvy provides that employees assigned to light duty are not allowed to work unless there is a sufficient amount of work for them to do that fits within their medical restrictions.

never reported for work. Instead, she filed a charge of retaliation with the EEOC and resigned from the Post Office. Then, in August 2001, she filed the instant complaint, alleging racial discrimination as well as unlawful retaliation and seeking $1.6 million in damages. The Postal Service now moves for summary judgment of the complaint.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. Id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. Id. The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Bay v. Cassens Transport Co., 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Insolia v. Philip Morris, Inc., 216 F.3d 596, 599 (7th Cir. 2000); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is with these principles in mind that we address the Postal Service's motion.

## DISCUSSION

Despite the extent of her submissions, Shelvy's complaint boils down to a straightforward claim. She alleges that the Postal Service discriminated against her on the basis of her race and retaliated against her because of her EEO activity. Each of these causes of action requires a plaintiff to go beyond simply being a member of a protected class; to raise an inference of discrimination, the plaintiff must identify similarly situated employees not in the protected class who were treated more favorably than she. See, e.g., Stone v. Indianapolis Public Util. Div., 281 F.3d 640, 644 (7th Cir. 2002) (retaliation); Lalvani v. Cook County, 269 F.3d 785, 789 (7th Cir. 2001) (unlawful discrimination). Shelvy has identified no employees at all with whom we can compare her treatment. See Radue v. Kimberly-Clark Corp., 219 F.3d 612, 618 (7th Cir. 2000). As such, she cannot make out a prima facie case on any of the three claims she advances, and summary judgment in favor of the Postal Service is warranted without any further inquiry. Peele v. Country Mutual Ins. Co., 288 F.3d 319, 327, 331-32 (7th Cir. 2002).

Furthermore, the only adverse employment action Shelvy has identified is her placement on off-duty, non-pay status after her run-in with Thornton. Her placement on light duty was at her own request, thus she cannot quibble that she was limited in the tasks she was assigned, as dictated by her medical restrictions. In addition, although Shelvy may not have been happy about her transfers to other post offices, "not everything that makes an employee unhappy is an actionable adverse action." Smart v. Ball State, 89 F.3d 437, 441 (7th Cir. 1996); see also Cerros v. Steel Technologies, Inc., 288 F.3d 1040, 1044-45 (7th Cir. 2002). Finally, Shelvy ignores the fact that the end of her employment with the Postal Service was the result of her resignation, not termination by her employer. Her attempts to cast the situation as one of constructive discharge are wholly

unconvincing. Constructive discharge results when conditions on the job are so horrendous that a reasonable person would feel compelled to resign. Rabinovitz v. Pena, 89 F.3d 482, 489 (7th Cir. 1996). Conditions that are merely unpleasant will not allow an employee to quit and then claim that, in essence, the employer forced that action. See Grube v. Lau Industries, Inc., 257 F.3d 723, 728 (7th Cir. 2001).

## CONCLUSION

Based on the foregoing analysis, the motion for summary judgment is granted in its entirety.

Charles P. Kocoras
Chief Judge
United States District Court

Dated: __August 15, 2002__